|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA** ||
| **UNITED STATES OF AMERICA,**<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**GERALD KEITH RIGGINS,**<br>　　　　　　　Defendant. | Case No. CR18-5579-RBL-22<br><br>**DETENTION ORDER** |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )　Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( )　Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
( X )　Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( )　Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( )　Defendant is currently on probation/supervision resulting from a prior offense.
( )　Defendant was on bond on other charges at time of alleged occurrences herein.
( X )　Defendant's criminal history of 2012 conviction in federal court concerning heroin distribution; and pattern of being involved with drug distribution; also prior conviction for illegal possession of weapons; violation of supervision in 2017; and substance abuse history.
( X )　Danger of instant offense.

**Flight Risk/Appearance Reasons:**
( )　Defendant present on writ from state court.
( )　Immigration and Naturalization Service detainer.
( X )　History of Bench Warrant(s) from other jurisdictions for failure to appear.
( )　No verified address and few ties to community.
( )　Defendant's attempt to evade authorities regarding instant offense.

Although the defendant has significant ties to the community, owns his home along with his spouse, maintains employment as a crane operator, and has been involved in substance abuse treatment programs in the past, the Court finds that the defendant has not produced sufficient information to counter-balance the risk of flight or the risk of danger to others and danger to the community. The United States met its burden of persuasion to show that: The defendant's prior criminal history of multiple drug related offenses, history of heroin distribution (resulting in a conviction in the United States District Court in 2013), history of failure to appear for court, and history of assault including domestic violence, meets the burden of establishing risk of dangerousness by clear and convincing evidence and meets the burden of establishing risk of flight and failure to appear, by a preponderance of the evidence. In addition, the investigation of the current offense includes a search of the defendant's residence, where agents found approximately 900 gross grams of heroin, 40.3 gross grams of

miscellaneous non-prescription pills, and three firearms. The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required, or that the defendant would not pose a serious risk of danger to others and to the community.

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**December 13, 2018**

*/s/ Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge